IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rodney Simmons, | ) | Case No. 8:15-cv-02346-DCN-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's motion for summary judgment [Doc. 17] and Petitioner's motion to supplement evidence to support Petitioner's arguments [Doc. 31]. Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 2, 2015.[1] [Doc. 1.] On August 20, 2015, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 17, 18.] On August 21, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 19.] Petitioner filed a response in opposition on September 24, 2015.

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on June 2, 2015. [Doc. 1-1 at 1 (envelope marked as received by prison mailroom on June 2, 2015).]

[Doc. 25.]  On October 26, 2015, Petitioner filed a motion to supplement evidence to support Petitioner's arguments.  [Doc. 31.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and Petitioner's motion to supplement evidence to support Petitioner's arguments be denied.

## BACKGROUND

Petitioner is incarcerated in the Kershaw Correctional Institution[2] of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County.  [Doc. 1 at 1.]  Petitioner was indicted in July/August 2008 for criminal sexual conduct with a minor-second degree.  [See App. 249–50,[3] Docs. 1 at 1; 18 at 1.[4]]  On November 29, 2010, represented by Richard Welchel ("Welchel"), Petitioner

---

[2]At the time he filed the Petition, Petitioner was confined at Perry Correctional Institution, where the warden is Respondent Larry Cartledge [Doc. 1 at 1], but on August 20, 2015 Petitioner filed a notice of changes of address updating his address, and he is currently confined at Kershaw Correctional Institution [Doc. 16]. A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)).  Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Kershaw Correctional Institution.

[3]The Appendix can be found at Docket Entry Number 18-1 and the Supplemental Appendix can be found at Docket Entry Number 18-2.

[4]Respondent states that Petitioner's indictment is included in the return and memorandum to the Petition at page 341 of the Appendix; this page has not been included in Respondent's filings with the Court.  However, the undersigned is able to determine that Petitioner was indicted for criminal sexual conduct with a minor-second degree based on the trial transcript, the memorandum in support of Respondent's motion for summary

proceeded to trial.  [App. 1–255.]  At the conclusion of the trial, the jury returned a verdict

of guilty.  [App. 249–50.]  Petitioner was sentenced to eighteen years imprisonment.  [App.

253; Doc. 1 at 1.]

**Direct Appeal**

Petitioner appealed his conviction. Breen Richard Stevens ("Stevens") of the South

Carolina Commission on Indigent Defense filed an *Anders*[5] brief on Petitioner's behalf,

dated July 7, 2011, in the South Carolina Court of Appeals, raising the following issues:

> I. The trail court erred in performing its gatekeeping duties by failing to make the three preliminary findings fundamental to Rule 702 of the South Carolina Rules of Evidence before permitting the jury to consider expert testimony from Nancy Henderson, Wiley Garrett and Thomas Evans.
>
> II. The testimony of Wiley Garrett constituted improper corroboration and bolstering.

[Supp. App. 2.]  At the same time he filed the *Anders* brief, Carter submitted a petition to

be relieved as counsel.  [*Id.* at 20.]  In a letter dater October 6, 2011, Stevens informed the

South Carolina Court of Appeals that Petitioner elected to voluntarily dismiss his appeal.

[Doc. 18-4.]  The South Carolina Court of Appeals issued an order of dismissal and

remittitur, file stamped on October 13, 2011.  [Doc. 18-5.]

---

judgment, and the Petition.  [App. 249–50; Docs. 1 at 1; 18 at 1.]

[5]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

**PCR Application**

On January 6, 2012, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he alleged he was being held in custody unlawfully based on the following grounds:

> (a)    Ineffective Assistance of counsel.
>
> (b)    Ineffective Assistance of counsel.
>
> (c)    Ineffective Assistance of counsel.

[App. 258.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)    Denied counsel at critical stage.  Denied the right of effective cross examination and pre-trial objections.
>
> (b)    counsel failed to [i]nvestigate facts, and circumstances.
>
> (c)    Brady violation.

[App. 258.]  The State filed a return, dated August 24, 2012.  [App. 263–67.]

A hearing was held on November 15, 2013, at which Petitioner was represented by Mark Knowles.  [App. 268–330.]  The PCR court filed an order denying and dismissing the PCR application with prejudice on March 6, 2014.  [App. 332–40.]

A notice of appeal was timely filed.  Lara M. Caudy of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari, dated December 22, 2014, in the Supreme Court of South Carolina asserting the following as the sole issue presented:

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to object when the solicitor impeached Petitioner with his prior conviction for "assault on a female" and

4

capitalized on it during her closing argument since this was
improper under Rule 609(a), SCRE, and since Petitioner did
not open the door to this improper impeachment through his
testimony?

[Doc. 18-7 at 3.]  The Supreme Court of South Carolina denied the petition on April 23,

2015 [Doc. 18-9] and remitted the matter to the lower court on May 12, 2015 [Doc. 18-10].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on June 2, 2015.  [Doc. 1.]  In his

Petition, Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One**:    INEFFECTIVE ASSISTANCE OF COUNSEL

*Supporting Facts*:    SEE ATTACHED[6]

**Ground Two**:    INEFFECTIVE ASSISTANCE OF COUNSEL (A)

*Supporting Facts*:    see attached

**Ground Three**:    INEFFECTIVE ASSISTANCE OF COUNSEL (B)

*Supporting Facts*:    see attached

**Ground Four**:    INEFFECTIVE ASSISTANCE OF COUNSEL (C)

*Supporting Facts*:    see attached

[Doc. 1.]

As stated, on August 20, 2015, Respondent filed a motion for summary judgment.

[Doc. 17.]  On September 24, 2015, Petitioner filed a response in opposition [Doc. 25], and

on October 26, 2015, Petitioner filed a motion to supplement evidence to support

Petitioner's arguments [Doc. 31].  Accordingly, the motions are ripe for review.

---

[6]Petitioner appears to state that his arguments will be explained in an attachment;
however, no attachment is included in Petitioner's filing. Petitioner also references Ground
5 which does not exist in his Petition.  [Doc. 1 at 11.]

5

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When

6

determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong

8

case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> > (B)   (I) there is an absence of available State corrective process; or

9

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a

10

procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process.

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

12

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

13

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

14

## DISCUSSION

**Non-Cognizable Claim**

As an initial matter, in his response in opposition to the motion for summary judgment, Petitioner clarifies that in Ground Four he is asserting a claim of ineffective assistance of PCR counsel.  However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(I); *see also Martinez v. Ryan*,—U.S.—, 132 S.Ct. 1309, 1315, 1320 (2012) (stating that, "while § 2254(I) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'").  Therefore, Petitioner is not entitled to federal habeas relief as to Ground Four because it is not a cognizable federal habeas claim.

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends Grounds Two, Three, and Four are procedurally barred.[8]  [Doc. 18 at 12.]  In his response in opposition to the motion for

---

[8]Respondent also contends all of Petitioner's grounds are overly broad  [Doc. 18 at 12.]  In his response in opposition to the motion for summary judgment, Petitioner attempts to clarify his arguments.  [Doc. 25.]

summary judgement, asserts he can establish cause and actual prejudice for procedurally barred claims under *Martinez*, 132 S.Ct. 1309. [Doc. 25 at 10, 12.]

### Ground 2

In his response in opposition to the motion for summary judgment, Petitioner states that in Ground Two he is arguing that Welchel was ineffective for failing to present evidence from expert witnesses that would challenge the prosecutions evidence. [Doc. 25 at 3.] This issue was ruled on by the PCR court [App. 337–38]; however, it was not raised on appeal from the denial of PCR [*see* Doc. 18-7]. Therefore, this ground was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred. *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Ground Three

In his response in opposition to the motion for summary judgment, Petitioner clarifies that in Ground Three he is asserting that Welchel was ineffective for failing to consult with expert rebuttal witnesses and to investigate facts and circumstances. [Doc. 25 at 10.] This claim was raised to and ruled on by the PCR court [App. 333, 337]; but it was not raised in Petitioner's appeal from the denial of PCR [*see* Doc. 18-7]. Because this ground was not fairly presented to the Supreme Court of South Carolina, it is procedurally barred from

16

federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722; *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Cause and Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.

Here, based on its review of Petitioner's filings, the Court believes that Petitioner argues he can show cause and prejudice to overcome the procedural default only with respect to Ground Four, which is a non-cognizable claim. [Doc. 25 at 12.] However, to the extent that Petitioner argues he can overcome the procedural bar for Grounds Two and Three because his PCR counsel was ineffective in failing to file a Rule 59(e) to preserve any issues not addressed in the PCR court's order of dismissal, this argument fails. A review of the record demonstrates that the PCR court ruled that Petitioner failed to meet his burden of proof with respect to Petitioner's argument that Welchel should have presented additional evidence and witnesses. [App. 337–38.] Accordingly, the PCR court ruled upon Grounds Two and Three and there was no need for a 59(e) motion to preserve these issues. Additionally, these grounds were not included in the appeal from the denial of PCR and *Martinez* is not applicable to claim of ineffective assistance of PCR appellate counsel. *See e.g., Crowe v. Cartledge*, No. 9:13-cv-2391-DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11-cv-02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). thus Petitioner has failed to establish cause with respect to these grounds.

Petitioner also contends he can overcome the procedural default because he is actually innocent. [Doc. 25 at 10, 13.] "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier*, 477 U.S. at 496. The Supreme Court has elaborated that

18

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."
>
> . . . .
>
> . . . To invoke the miscarriage of justice exception . . . , a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*McQuiggin v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924, 1935 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner has failed to make the necessary showing of actual innocence. Petitioner argues that there is a tape of the victim stating that his mother asked him if Petitioner had raped him. [Doc. 25 at 10.] Petitioner asserts that this was coaching the victim to say that he was raped by Petitioner. [*Id.*] However, Petitioner discussed this video at his PCR hearing and it was acknowledged in the PCR court's order of dismissal. [App. 308–10, 335.] Without more from Petitioner, such as new evidence, the Court cannot conclude that Petitioner has established that he is actually innocent—i.e., that no reasonable juror would have convicted him. *See House v. Bell*, 547 U.S. 518, 536–37 (2006) (holding that a petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" (emphasis added) (quoting *Schlup*, 513 U.S. at 327)). As a result, Petitioner has not overcome the procedural bar for Grounds Two and Three.

**Merits of Remaining Claim**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

Liberally construing the Petition, in Ground One, Petitioner argues Welchel was ineffective for failing to object to the solicitor's impeachment of Petitioner with his prior conviction for "assault of a female," in violation of Rule 609(e) of the South Carolina Rules of Evidence, when Petitioner did not open the door to impeachment. [Doc. 1 at 5–6; *see* Docs. 18 at 16; 25 at 1.] The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[9] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and

---

[9]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").   Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed Welchel's performance under the standard set forth in *Strickland*. [App. 334.]  The PCR court found,

> The failure of Counsel to object to the questioning of the Applicant regarding his prior record was not deficient and would not have materially affected the outcome of the trial. The Applicant's testimony on direct examination opened the door for the objectionable question, and Counsel reasonably calculated that an objection would simply draw more attention to the conviction.  Therefore, this Court finds that the Applicant failed to meet his burden as to this claim.  This Court finds that Counsel's performance was sufficient and reasonably calculated in the best interests of the Applicant.

***

---

deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

> This Court finds in regard to the allegation of ineffective assistance of counsel, the Applicant's testimony is not credible. This Court further finds Counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that Counsel's conduct does not fall below the objective standard of reasonableness.

[*Id.* at 338–39.]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  The PCR court concluded that Petitioner failed to establish that Welchel's representation fell below an objectively reasonable standard or any resulting prejudice.  [App. 339.]

The record supports the PCR court's determination.  At the PCR hearing, Welchel testified that he believed the impeachment was proper under Rule 606 because Petitioner opened the door to character evidence by bringing his good character into question by stating that he had never hurt anyone's child.  [App. 325–26.]  Moreover, Welchel testified that he did not object to the impeachment because he believed that any objection would emphasize the prior conviction to the jury and the prosecutor asked a general question and moved on from it.  [*Id.* at 321, 326.]  Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.  *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

23

Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (Internal citation omitted)).  Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petitioner be DENIED.  In light of the Court's recommendation, Petitioner's motion to supplement evidence to support Petitioner's arguments should be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

January 7, 2016
Greenville, South Carolina