# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| RODNEY SIMMONS, | ) | |
| | ) | No. 08:15-cv-02346-DCN |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DAVID DUNLAP, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Thomas Rogers's report and recommendation ("R&R"). The magistrate judge recommends that the court deny Rodney Simmons's ("petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, grant respondent Larry Cartledge's ("respondent")[1] motion for summary judgment, and deny petitioner's motion to supplement evidence. For the reasons set forth below, the court adopts the R&R, denies the petition, grants

---

[1] Petitioner was incarcerated at the Perry Correctional Institution at the time that he filed his petition. As a result, Larry Cartledge, warden of the Perry Correctional Institution, has been named as the respondent in this case. Under federal law, the warden of the facility in which the prisoner is held is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). On August 20, 2015, the court received notice that petitioner had been transferred to Kershaw Correctional Institution. Notice of Change of Address, ECF No. 16. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Padilla, 542 U.S. at 441. As petitioner is now incarcerated at Kershaw Correctional Institutional, David Dunlap, that facility's warden, is a person with legal authority to effectuate petitioner's release. As a result, Warden Dunlap should be substituted as the respondent in this petition.

1

respondent's motion for summary judgment, and denies petitioner's motion for supplemental evidence.

## I.  BACKGROUND

Petitioner is currently incarcerated in the Kershaw Correctional Institution of the South Carolina Department of Corrections.  Petitioner was indicted in July and August 2008 for criminal sexual conduct with a minor-second degree.  On November 29, 2010, petitioner proceeded to trial, represented by Richard Welchel ("Welchel"), before the Honorable Derham Cole.  App. at 249–50.[2]  The jury returned a guilty verdict at the conclusion of trial.  Petitioner was sentenced to eighteen years imprisonment.  App. at 253.

On December 6, 2010, petitioner filed a notice of appeal.  ECF No. 18, Ex. 3. Petitioner appealed his conviction, and on July 7, 2011, Breen Richard Stevens ("Stevens") of the South Carolina Commission on Indigent Defense filed an Anders[3] brief on his behalf in the South Carolina Court of Appeals.  Petitioner raised the following issues in his direct appeal:  (1) whether the trial court erred in performing its gatekeeping duties by failing to make the three preliminary findings fundamental to Rule 702 of the South Carolina Rules of Evidence before it permitted the jury to consider expert testimony from Nancy Henderson, Wiley Garrett, and Thomas Evans; and (2) whether the testimony of Wiley Garrett constituted improper corroboration and

---

[2]     The court's citations to "App." refer to the Appendix from petitioner's PCR proceedings, which can be found at docket number 18, exhibit 1.

[3]     Anders v. California, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.").

bolstering. Pet'r's Appeal Br. 3, ECF No. 18, Ex. 2. In a letter dated October 6, 2011, Stevens informed the South Carolina Court of Appeals that petitioner elected to voluntarily dismiss his appeal. ECF No. 18, Ex. 4. The South Carolina Court of Appeals issued an order of dismissal on October 13, 2011. ECF No. 18, Ex. 5.

On January 6, 2012, petitioner filed a pro se application for post-conviction relief ("PCR") in which he alleged that his counsel was ineffective. App. at 258. Petitioner raised the following grounds for relief: "(a) Ineffective Assistance of counsel; (b) Ineffective Assistance of counsel; (c) Ineffective Assistance of counsel." Id. Petitioner provided the following facts in support of his three grounds for relief, quoted substantially verbatim: (a) Denied counsel at critical stage, Denied the right of effective cross examination and pre-trial objections; (b) counsel failed to investigate facts and circumstances; (c) Brady violation. Id. The State filed a return, dated August 24, 2012. App. at 263–67. The PCR court held a hearing on November 15, 2013 during which attorney Mark Knowles represented the petitioner. App. at 268–330. The PCR court denied and dismissed petitioner's PCR application with prejudice on March 6, 2014. App. at 332–40. Petitioner timely filed a notice of appeal on March 26, 2014. ECF No. 18, Ex. 6.

Lara M. Caudy of the South Carolina Commission of Indigent Defense filed a petitioner for writ of certiorari on petitioner's behalf on December 22, 2014. ECF No. 18, Ex. 7. Petitioner presented one issue to the South Carolina Supreme Court:

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to object when the solicitor impeached Petitioner with his prior conviction for "assault on a female" and capitalized on it during her closing argument

3

>since this was improper under Rule 609(a), SCRE, and since Petitioner did not open the door to this improper impeachment through his testimony?

Id. at 3.  The South Carolina Supreme Court denied the petition on April 23, 2015 and remitted the matter to the lower court on May 12, 2015.  ECF No. 18, Exs. 9–10.

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 12, 2015.  Respondent filed a motion for summary judgment on August 20, 2015.  ECF No. 17.  Petitioner asserts the following four grounds for relief, quoted substantially verbatim:

>**Ground One**: INEFFECTIVE ASSISTANCE OF COUNSEL
>
>Supporting facts: see attached
>
>**Ground Two**: INEFFECTIVE ASSISTANCE OF COUNSEL (A)
>
>Supporting facts: see attached
>
>**Ground Three**: INEFFECTIVE ASSISTANCE OF COUNSEL (B)
>
>Supporting facts: see attached
>
>**Ground Four**: INEFFECTIVE ASSISTANCE OF COUNSEL (C)
>
>Supporting facts: see attached[4]

Pet'r's Habeas Pet. 6.  On September 24, 2015, petitioner filed a response in opposition to the motion for summary judgment.  ECF No. 25.  On October 26, 2015, petitioner filed a motion to supplement evidence to support his arguments.  ECF No. 31.  The magistrate judge issued an R&R on January 7, 2016, recommending that this court grant

---

[4] Although petitioner purportedly asserts that an attachment provides supporting facts, the only attachment to his petition is the denial of his petition for writ of certiorari, dated April 23, 2015.  See ECF No. 1, Ex. 2.

respondent's motion for summary judgment, deny petitioner's habeas petition, and deny petitioner's motion for supplemental evidence. Petitioner filed objections to the R&R on January 25, 2016. The motions have been fully briefed and are ripe for the court's review.

## II.  STANDARD

### A.  Pro Se

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.  R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### C.     28 U.S.C. § 2254

This court has jurisdiction under 28 U.S.C. § 2254 to hear a petition for a writ of habeas corpus made by a person imprisoned pursuant to a state court proceeding.  A petitioner must exhaust all available state court remedies to properly assert his claims in federal court.  28 U.S.C. § 2254(b)(1)(A).  Absent cause and prejudice or a fundamental miscarriage of justice, "a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts."  Longworth v. Ozmint, 377 F.3d 437, 447–48 (4th Cir. 2004).  To sufficiently exhaust available state court remedies, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  Id. at 448 (citation and internal quotation marks omitted).  In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc).

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, the court may only grant relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides

6

differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  Moreover, a state court's decision involves an unreasonable application of clearly established federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a particular] case." Id.

Under AEDPA, a federal court affords deference to a state court's resolution of a state prisoner's habeas claims.  See Bell v. Cone, 543 U.S. 447, 455 (2005).  To obtain a writ of habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786.

### D.     Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986).  In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Petitioner makes three main objections to the magistrate judge's recommendation. The court will address each objection below.

### A. Ground One

In Ground One, petitioner argues that his trial counsel, Welchel, was ineffective for failing to object to the prosecutor's use of petitioner's prior conviction for "assault of a female" to impeach petitioner during his testimony in violation of Rule 609(e) of the South Carolina Rules of Evidence. Pet'r's Petition, 5–6. Petitioner argues that he did not open the door to impeachment; therefore, the prosecutor's use of the prior conviction was improper and Welchel should have objected. Id. The PCR court held that petitioner failed to meet his burden under Strickland because the door had been opened during direct examination and that counsel reasonably calculated that an objection would simply draw more attention to the conviction. App. at 338–39. The magistrate judge recommended that the court find that petitioner is not entitled to federal habeas relief based upon this allegation because the PCR court's determination was not contrary to or an unreasonable application of Supreme Court precedent. R&R 22–24. Petition objects to the magistrate judge's recommendation, arguing that Welchel's failure to object clearly fell below the standard of reasonableness under Strickland. Pet'r's Objections 1.

The Sixth Amendment provides not only the right to counsel, but the right to the effective assistance of competent counsel. Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990) (citing Powell v. Alabama, 287 U.S. 45, 48 (1932)). Where a prisoner's habeas petition alleges ineffective assistance of counsel, the district court must review the petition in accordance with both AEDPA and "through the additional lens of Strickland

[v. Washington] and its progeny." Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012). Under Strickland, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that this deficiency prejudiced the defense. 466 U.S. 668, 687, 694 (1984). Under AEDPA, a writ of habeas corpus may only be granted when the underlying state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Harrington v. Richter, 131 S. Ct. 770, 783–84 (2011); Richardson, 668 F.3d at 138.

Because AEDPA and Strickland provide dual, overlapping standards for review of a state prisoner's habeas petition, the federal court must be doubly deferential to the state court decisions. Richardson, 668 F.3d at 139 (citing Richter, 131 S. Ct. at 788). The court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1410–11 (2011). The court must be mindful that "an unreasonable application of federal law is different from an incorrect application of federal law." Richter, 131 S. Ct. at 785 (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). Under the doubly deferential standard described in Richter and Richardson, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Therefore, when an ineffective assistance of counsel claim is raised in a § 2254 habeas petition and was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable," not "whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Id.

During the trial, petitioner testified: "I want to say that I've never in my life assaulted anyone's kid." App. at 185. During the PCR hearing, Welchel testified that he believed the prosecutor's use of the prior conviction to impeach petitioner was proper under Rule 606 because petitioner opened the door to character evidence during direct examination by bringing his good character into question when he stated that he had never hurt anyone's child. App. at 325–26. Welchel further testified that he did not object to the impeachment because he believed that an objection would simply emphasize the prior conviction to the jury, and the prosecutor asked a general question, then moved on. R. at 321, 326 ("I didn't want to call attention to the assault anymore than had already been brought out before the jury. It was a very general question about an assault on a female."). "Where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective." Legare v. State, 509 S.E.2d 472, 4759 (S.C. 1998) (citing Underwood v. State, 425 S.E.2d 20 (1992)).

The court agrees with the magistrate judge that the PCR court's denial of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable

application of Supreme Court precedent. The Supreme Court in Strickland instructs courts to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Therefore, the PCR court reasonably applied Strickland. The court agrees with the PCR court and finds that, given the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Welchel's failure to object to the prosecution's impeachment is not "outside the wide range of professionally competent assistance." Id. Therefore, petitioner's first ground for relief is without merit.

### B.     Grounds Two and Three are Procedurally Barred

In Ground Two, petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel by his counsel's failure to present testimony from expert witnesses to challenge the prosecution's evidence. Pet'r's Resp. 3. In Ground Three, petitioner asserts that his counsel was ineffective by failing to consult with expert rebuttal witnesses and failing to investigate facts and circumstances. Id. at 10. The magistrate judge recommends that the court hold that petitioner is procedurally barred from obtaining relief on these claims, unless he can demonstrate: (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation; or (2) that a fundamental miscarriage of justice has occurred. R&R 16. Petitioner objects to the magistrate judge's recommendation, arguing that: (1) the PCR judge's ruling on these claims is without jurisdiction because PCR counsel failed to comply with Judge McIntosh's original order to subpoena the expert witnesses before going forward with the

second hearing; and (2) his lawyer failed to raise these grounds on his behalf despite his desire to do so. Pet'r's Objections 4.

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In South Carolina, a petitioner may attack the validity of his conviction directly, through appeal, or collaterally, with an application for post-conviction review. S.C. Code Ann. § 17-27-10 et seq. If the PCR court fails to address a claim, counsel for the petitioner must file a timely Rule 59(e) motion to alter or amend the judgment in order to satisfy "exhaustion." S.C. R. Civ. P. 59(e); Marlar v. State, 653 S.E.2d 266 (S.C. 2007). The petitioner must present "both the operative facts and the controlling legal principles . . . to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). Where a habeas petitioner asserts a claim in his petition that he failed to raise at the appropriate time and has no further means of addressing in state court, he has "bypassed" state remedies and is therefore barred from raising the issue in federal court. See Schlup v. Delo, 513 U.S. 298 (1995); Bostic v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009).

There are two instances when a procedurally defaulted claim may be considered on collateral review: cause and prejudice or actual innocence. The first instance is when a petitioner can show both cause for non-compliance with a state rule and actual prejudice resulting from an alleged constitutional violation. United States v. Frady, 456 U.S. 152, 167 (1981). To establish "cause," petitioner must show that some objective factor external to the defense impeded his ability to comply with the rule. Coleman, 501 U.S. at 750 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). In certain

circumstances, ineffective assistance of counsel may constitute "cause" for procedural default. Roe v. Flores-Ortega, 528 U.S. 470, 488 (2000). Ineffective assistance of counsel constitutes cause if it amounts to an independent constitutional violation. Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Actual prejudice requires more than plain error. To establish "prejudice," petitioner must show a reasonable probability that, but for the alleged violation of federal law, the outcome of his case would have been different. Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991); see also Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (petitioner must show "that the error worked to his 'actual and substantial disadvantage'" (quoting Carrier, 477 U.S. at 494)). Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484.

Petitioner raised Grounds Two and Three during the state court PCR proceedings but failed to appeal the PCR court's ruling. Therefore, he is procedurally barred from asserting these claims, unless he can establish cause and prejudice or actual innocence.

      **1.**    **Cause and Prejudice**

Petitioner's first objection that the PCR court's ruling on these issues is without jurisdiction because the first PCR judge instructed his counsel to subpoena witnesses before moving forward is without merit. During the original PCR hearing on June 26, 2013, Judge McIntosh stated the following: "I'm gonna continue the case, I'm gonna deny your motion to relieve this firm but I'm gonna direct that y'all meet with him, whoever's gonna handle the case. . . . Specifically look at his request for experts or these other witnesses so that the case can get prepared, ready to go, okay?" Supp. App. 26: 2–

9, ECF No. 18 Ex. 2. Petitioner's counsel agreed to comply with the Judge McIntosh's request, and petitioner provides no indication that his counsel did not meet with him or consider his request to obtain witnesses. Most importantly, petitioner is not entitled to effective assistance during the PCR stage. See Murray v. Giarratano, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of the Court that requires a State provide counsel in post-conviction proceedings . . . ."). And the PCR court did not divest itself of jurisdiction simply by continuing the case. Therefore, this objection fails.

In his next objection, petitioner argues that under Martinez v. Ryan, 132 S. Ct. 1309 (2012), he is entitled to relief despite his counsel's failure to raise these grounds for relief on appeal. In Martinez, the Supreme Court held that"

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Id. at 1318 (emphasis added).

Petitioner is not entitled to relief under the first ground recognized in Martinez because he did have appointed counsel at the initial-review collateral proceeding and was represented by counsel at every stage of the proceeding. Based on a review of the record, Grounds Two and Three were raised during the initial-review collateral proceeding and therefore do not provide a basis for relief under the second ground recognized in

14

Martinez. Further, to the extent Grounds Two and Three rely on counsel's failure to appeal the PCR court's ruling, Martinez does not apply to alleged ineffective assistance of PCR appellate counsel. See Crowe v. Cartledge, No. 9:13-cv-2391, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[Ground One] involves ineffective assistance of PCR appellate counsel, and ineffective assistance of PCR appellate counsel is not cause for a default [under Martinez]."); Cross v. Stevenson, No. 11–cv-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013) ("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."). Therefore, PCR counsels' failure to pursue and exhaust the direct appeal issues does not amount to an independent constitutional violation. Lastly, as fully set forth below, Ground Four is not a cognizable claim under § 2254; therefore, Ground Four cannot provide a basis for relief. Thus, petitioner has failed to demonstrate the necessary "cause" sufficient to excuse the procedural default. If the petitioner cannot make a sufficient showing of "cause," the court need not consider prejudice. Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995).

### 2. Actual Innocence

A procedurally defaulted claim may also be heard by a federal court where the petitioner can demonstrate "actual innocence." Delo, 513 U.S. at 321. Actual innocence may be shown only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at

495; see also Delo, 513 U.S. at 327 (in order to pass through the actual-innocence gateway, the petitioner must establish that the errors he complains of probably resulted in the conviction of an innocent person). A "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Delo, 513 U.S. at 329.

The magistrate judge recommended that the court find that petitioner has failed to establish actual innocence, and petitioner does not object to the magistrate judge's recommendation. Further, although petitioner filed a motion to supplement evidence, the court finds that the evidence is not considered "new evidence" because the parties were aware of the evidence at the time of trial. See Tessner v. Warden, Kirkland Corr. Inst., No. 9:13-cv-1626, 2014 WL 6810463, at *6 (D.S.C. Dec. 3, 2014) ("To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence." (citing Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999))). A de novo review of the record indicates that the magistrate judge's report accurately summarizes actual innocence as it applies to this case and the applicable law. Therefore, petitioner has not established actual innocence.

Petitioner has failed to make a showing of cause, prejudice, and actual innocence resulting in a fundamental miscarriage of justice to obtain relief from his defaulted claim. See Wainwright v. Sykes, 433 U.S. 72, 82–84 (1977); Wise v. Williams, 982 F.2d 142, 144–45 (4th Cir. 1992). Accordingly, the court adopts the magistrate judge's recommendation on grounds two and three and finds the claims barred from consideration.

### C. Ground Four

In Ground Four, petitioner asserts that his PCR counsel was ineffective because he failed to comply with the original PCR judge's order to explore petitioner's request for expert witnesses and other witnesses petitioner wanted subpoenaed. Pet'r's Resp. 12. The magistrate judge recommends that the court deny this claim because ineffective assistance of counsel claims relating to federal or state post-conviction proceedings are not a ground for relief pursuant to § 2254. R&R 15. Petitioner objects, arguing that he is not raising ineffective assistance of counsel as a means for relief. Pet'r's Objections 2.

However, petitioner is clearly claiming that his PCR counsel was ineffective. His objections state: "PCR counsel was clearly ineffective in that he failed to comply with both PCR judge's orders to subpoena the expert witnesses that petitioner contended that trial counsel failed to subpoena." Id. at 2. As stated above, petitioner is not entitled to effective assistance during post-conviction proceedings. See Murray v. Giarratano, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of the Court that requires a State provide counsel in post-conviction proceedings . . . ."); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (petitioner "has no right to effective assistance of counsel in his state habeas proceedings"); Gilliam v. Simms, No. 97-14, 1998 WL 17041, at *6 (4th Cir. Jan. 13, 1998) ("Since [petitioner] had no constitutional right to counsel during his state collateral attacks on his conviction, he had no right to conflict-free counsel or even effective counsel."). Therefore, petitioner is not entitled to relief pursuant to Ground Four.

Further, to the extent petitioner claims that trial counsel was ineffective for failing to subpoena witnesses, the claim also fails. During the PCR hearing, Welchel testified

17

that there may have been witnesses that petitioner asked him to subpoena, but that he decided not to call them because he could not find them or they were not going to be beneficial. App. at 322. For example, Welchel testified that one witnesses just "sign[ed] the paperwork and told [him] that she didn't know anything about it." App. at 322–23. Welchel further testified that although petitioner contended that he wanted an expert to testify that the child could have suffered from ADHD rather than PTSD, he was not aware of any expert to support that theory. App. at 323. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, [the court] must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance."). The PCR court's ruling on Ground Four was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).[5] Therefore, Ground Four is without merit.

### D.     Motion to Supplement Evidence

Petitioner filed a motion to supplement evidence on October 26, 2015. ECF No. 31. Although the court has reviewed the evidence attached to his motion in ruling on his petition, the court does not find the evidence favorable to petitioner's position. This court believes that the evidence submitted in his motion is the victim's school disciplinary record and the report from the extended forensic assessment that was excluded during the

---

[5]     As fully set forth in the court's discussion of Grounds Two and Three above, because petitioner raised the subpoena issues during his initial-review PCR proceedings, they do not fall within the relief provided by Martinez.

trial pursuant to the prosecution's motion—to which petitioner did not object—based on the Rape Shield Statute.  See App. at 16–19.

In Cullen v. Pinholster, 131 S.Ct. 1388 (2011), the Supreme Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits.  131 S.Ct. at 1398. In Pinholster, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel.  Id. at 1397.  In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ.  Id.  The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts.  Id. at 1398.  The Supreme Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did."  Id. at 1399.  Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose."  Id. at 1399 (internal citation and quotation marks omitted).  Further, 28 U.S.C. § 2254(d)(2) provides that an application for writ of habeas corpus shall not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  (emphasis added).  Therefore, the court may not consider this new evidence.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **DENIES** the petition for a writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 16, 2016**
**Charleston, South Carolina**